IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**LEON FLETCHER,**

                **Plaintiff,**

     v.                                  CASE NO.07-3279-SAC

**ROBERT BURNS,**

                **Defendant.**

### O R D E R

This matter is before the court on a complaint filed under 42 U.S.C. § 1983 by a prisoner confined in the Wyandotte County Jail in Kansas City, Kansas. Plaintiff proceeds pro se, and seeks leave to proceed in forma pauperis under 28 U.S.C. § 1915.

Plaintiff cites his September 2007 arrest for possession of methadone, and appears to claim the $200,000 bail set by the state district court is excessive for the crime charged and violates the Eighth Amendment. The court finds this claim to be in the nature of a petition for writ of habeas corpus by a pretrial detainee, and liberally construes the pro se pleading as filed under 28 U.S.C. § 2241. The court also grants plaintiff leave to proceed in forma pauperis in this habeas action, and finds the habeas petition should be dismissed without prejudice.

The Eighth Amendment states that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." This provision, applicable to the states pursuant to the Fourteenth Amendment to the United States Constitution, "guarantees individuals the right not to be subjected

to excessive sanctions." Roper v. Simmons, 543 U.S. 551, 560 (2005).

However, the proper procedure for challenging bail in a pending state criminal proceeding is by motion for reduction of bail in the court which set bail, and appeal to the state appellate courts from an order denying such motion. *See* Younger v. Harris, 401 U.S. 37, 43-45 (1971); O'Shea v. Littleton, 414 U.S. 488, 500 (1974). Accordingly, plaintiff must present any challenges he has to state criminal proceedings to the trial court in which those proceedings are pending, either pretrial or during trial, and if not satisfied with that court's decisions, must raise his claims on direct appeal to the state appellate courts and ultimately to the Kansas Supreme Court. Because it is apparent on the face of the record that plaintiff has not pursued or exhausted state court remedies, and presents no special circumstances requiring this court to adjudicate his claims prior to his state trial, the court concludes the petition should be dismissed without prejudice.

IT IS THEREFORE ORDERED that this action is construed by the court as a habeas action filed under 28 U.S.C. § 2241.

IT IS FURTHER ORDERED that plaintiff is granted leave to proceed in forma pauperis in this habeas action.

IT IS FURTHER ORDERED that this action is dismissed without prejudice for failure to exhaust state remedies.

**IT IS SO ORDERED.**

DATED: This 18th day of January 2008 at Topeka, Kansas.

 s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge